**Guo Zhong SHAO, Petitioner,**

v.

**Alberto R. GONZALES,\* United States Attorney General, Respondent.**

**No. 04–5459–AG NAC.**

United States Court of Appeals,
Second Circuit.

April 5, 2006.

David X. Feng, the Feng Law Firm P.C. New York, New York, for Petitioner.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Michael Garcia, United States Attorney, Southern District of New York. Andrew D. O'Toole, Sarah S. Normand, Assistant United States Attorneys, New York, New York, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT D. SACK, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Guo Zhong Shao, a native and citizen of China, petitions for review of an order of the Board of Immigration Appeals ("BIA"), affirming an immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts of this case, its procedural posture, and the decision below.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79; *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

The IJ's adverse credibility finding against Shao, was supported by the "substantial problems" identified by the IJ in reviewing the documentary evidence: the "medical specialized reference letter" stated that Tang had an abortion performed in April 1986, but it was not issued until April 2003; the sterilization certificate was not issued at the time of the sterilization; and the son's birth certificate, which Shao had testified had been issued in 2003, was dated as issued in November 1998 for the birth that had occurred in September 1998, listed as the ages for Shao and Tang their ages in 2003, and bore a date that appeared to have been altered (with the last number in 1998 changed to an "8" in a different color pen). The IJ also found it suspicious that, during the hearing, Shao had a yellow piece of paper containing dates and Chinese characters which he looked at before answering questions about specific dates of incidents essential to his asylum claim, and that he denied using the crib-sheet when questioned about it. Finally, the IJ cited Shao's statement in his asylum application that Tang had become pregnant with their son in September 1997, and had given birth to him twelve months later, in September 1998. *Id.* Because the IJ's adverse credibility finding is supported by substantial evidence, and the IJ determined that Shao had failed to show past persecution, the IJ correctly denied his application.

Because Shao failed to establish his eligibility for asylum, the IJ properly concluded that he had failed to satisfy the heavier burden for withholding of removal. *See Zhou Yun Zhang*, 386 F.3d at 71. Moreover, the IJ correctly found that Shao had failed to establish that it was more likely than not that he would be subjected to torture if returned to China, and, accordingly, correctly denied his CAT claim.

For the foregoing reasons, the petition is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).